UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL J. BYNUM, et al.,** | ] |
| Plaintiffs, | ] |
| v. | ] Case No.: 2:24-cv-1234-ACA |
| **EBSCO INFORMATION SERVICES, INC.,** | ] |
| Defendant. | ] |

# MEMORANDUM OPINION

Before the court are Defendant EBSCO Information Services, Inc.'s motion for summary judgment (doc. 66), and Plaintiffs Michael J. Bynum, Gridiron Football Properties Corp., The McClatchy Company, LLC, Gannett Co. Inc., and Jeffrey B. Grantham's motions for relief under Federal Rule of Civil Procedure 56(d) and for leave to file a second amended complaint (docs. 68–69). For the reasons set out below, the court **WILL GRANT** EBSCO Information Services's motion for summary judgment and **WILL ENTER SUMMARY JUDGMENT** in its favor. (Doc. 66). The court **WILL DENY** Plaintiffs' motion for Rule 56(d) relief. (Doc. 69). And the court **WILL DENY** Plaintiffs' motion for leave file a second amended complaint. (Doc. 68).

**I.     BACKGROUND**

In August 2022, Mr. Bynum filed a lawsuit in Alabama state court against EBSCO Industries, Inc. for forgery, identity theft, fraud, theft of trademark, and conversion. (Doc. 30-1 at 6–13).[1] The basis for these claims was EBSCO Media's alleged unauthorized printing of a book that Mr. Bynum authored in 1994, which he discovered in 2020. (Doc. 30-1 at 4–5 ¶¶ 7–11). EBSCO Industries moved to dismiss the state law complaint on the ground that Mr. Bynum's claims were time-barred under Alabama's twenty-year statute of repose and the applicable statute of limitations. (Doc. 30-2). To avoid an adverse outcome in state court, Mr. Bynum voluntarily dismissed his case. (Doc. 30-4 at 2; doc. 30-5 at 2 ("I asked my attorneys to withdraw that lawsuit because I knew that copyright infringement and counterfeiting were subject to federal law and would not be affected by state repose laws.")).

Less than one year later, in June 2023, Mr. Bynum, Gridiron Football Properties, The McClatchy Company, Gannett, and Mr. Grantham sued EBSCO Information Services in the U.S. District Court for the District of Massachusetts for violations of the Lanham Act based on the same misconduct by EBSCO Media that gave rise to the state law claims discussed above. (Doc. 1). The court adopted the

---

[1] Although the court need only consider materials cited in considering a motion for summary judgment, the court "may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

parties' joint statement and ordered an amended pleading deadline of June 17, 2024; a discovery deadline of August 1, 2024; and a dispositive motion deadline of September 2, 2024. (Docs. 21, 24).

In January 2024, EBSCO Information Services served Plaintiffs its initial disclosures and first set of discovery requests. (Doc. 30-6 at 2). In its initial disclosures, EBSCO Information Services explained that Timothy R. Collins, its corporate representative, was expected to testify on its behalf that EBSCO Industries, the defendant in Mr. Bynum's state court suit, retained the liabilities of EBSCO Media after EBSCO Media was sold to a third party in 2015. (Doc. 30-7 at 4–5). The initial disclosures also explained that EBSCO Information Services was a separate and independently operated company from EBSCO Media, and EBSCO Information Services is not, nor has ever been, "the successor[] in interest or owner[] of EBSCO Media as alleged in paragraph 6 of the complaint." (*Id.* at 5). As a result, it was clear to Plaintiffs as early as January 2024 that they had named the incorrect defendant; they should have sued EBSCO Industries instead of EBSCO Information Services.

Three months after receiving EBSCO Information Services's initial disclosures, Plaintiffs moved for leave to amend their complaint (doc. 28), because they had already amended their complaint once as of right (doc. 9). The court held a hearing on the motion for leave to amend (doc. 31), but denied the motion on the

ground that Plaintiffs' counsel had withdrawn his representation (doc. 34). In July 2024, new counsel appeared for Plaintiffs (docs. 40–41), right before the close of discovery (doc. 24). The court ordered Plaintiffs to file a motion to amend their complaint. (Doc. 44). But instead of filing the motion to amend as ordered, Plaintiffs filed a motion to transfer the case to the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a), to which EBSCO Information Services consented. (Docs. 49–50). The court granted the motion to transfer, and the undersigned was assigned to this case. (Doc. 51).

After the transfer, in September 2024, counsel moved to withdraw his representation of Plaintiffs (doc. 55), and new attorneys appeared (docs. 59–60). Two months passed without any docket activity, despite the undersigned's order to confer and file a report in accordance with Federal Rule of Civil Procedure 26(f). (Doc. 62). The court again reminded the parties to comply with Rule 26(f) (doc. 63), and in December 2024, the parties filed their report (doc. 65). In the report, EBSCO Information Services conveyed its intent to file a dispositive motion, and within a week's time, it filed a motion for summary judgment. (Doc. 66). Plaintiffs then filed a motion for leave to file a second amended complaint. (Doc. 68).

Despite being served with EBSCO Information Services's initial disclosures and first set of discovery requests in January 2024, Plaintiffs never responded, asked

for depositions of Mr. Collins or other EBSCO Information Services representatives, or sought an extension of the scheduling order deadlines. (Doc. 70 at 5 ¶¶ 10–11).

## II.   MOTION FOR SUMMARY JUDGMENT

In support of its motion for summary judgment, EBSCO Information Services presents a declaration from Mr. Collins, its corporate representative, which states that EBSCO Industries, not EBSCO Information Services, retained the liabilities of EBSCO Media when EBSCO Media was sold to a third party in 2015; that EBSCO Media is, and has always been, in the printing business, not the publishing business; that EBSCO Information Services was not created until 2021; and that EBSCO Information Services is, and has always been, in the publishing business, not the printing business. (Doc. 66-1 at 3 ¶ 8, 4 ¶¶ 10–12). Given this evidence, EBSCO Information Services argues that Plaintiffs' baseless attribution of EBSCO Media's liability to EBSCO Information Services entitles EBSCO Information Services to summary judgment. (Doc. 66 at 5–7).

In response, Plaintiffs contend they cannot dispute the evidence proffered by EBSCO Information Services because "no [d]iscovery has been taken in this case," "Mr. Collins'[s] declaration was only produced contemporaneous[ly] with Defendant's filing of its motion for summary judgment," and, as such, Plaintiffs are entitled to relief under Federal Rule of Civil Procedure 56(d) so they can "examine the assertions made by Mr. Collins related to the relationship between EBSCO

5

Media and [EBSCO Information Services]." (Doc. 69 at 1, 4 ¶ 10, 5 ¶ 13). In accordance with Rule 56(d), Plaintiffs support their request with an affidavit from counsel that attempts to show how discovery will enable them to rebut EBSCO Information Services's demonstration of an absence of a genuine issue of fact. (Doc. 69-1); *Isaac Indus., Inc. v. Petroquímica de Venezuela, S.A.*, 127 F.4th 289, 303 (11th Cir. 2025).

But the affidavit is insufficient. Although Plaintiffs' counsel attests that "discovery has not yet begun" and "no [d]iscovery has been taken in this case" (doc. 69-1 at 3 ¶¶ 10–11), his statements are inaccurate. EBSCO Information Services served Plaintiffs with initial disclosures in January 2024 that contained much of the same information, some word-for-word, that appears in the declaration of Mr. Collins attached to its motion for summary judgment. (*Compare* doc. 30-7 at 4–6, *with* doc. 66-1 at 2–5). And despite being served with EBSCO Information Services's first set of discovery requests in January 2024, Plaintiffs never responded, asked for depositions or other discovery, or sought an extension of the discovery deadline. (Doc. 70 at 5 ¶¶ 10–11). Parties that "decline[] to . . . proactively participate in the discovery process" are not entitled to Rule 56(d) relief. *Isaac*, 127 F.4th at 303.

The court notes, and considers, that counsel for Plaintiffs has twice withdrawn since EBSCO Information Services served Plaintiffs with initial disclosures and

discovery requests. (Docs. 27, 55). But the Massachusetts district court granted the parties over eight months of discovery (*see* doc. 24), and former Plaintiffs' counsel had five months to review the initial disclosures and request depositions. Moreover, after current counsel appeared and the case was transferred to this court, Plaintiffs had two months to request an extension of the discovery deadline, a hearing, or leave to file an amended complaint. Instead, Plaintiffs chose not to take any action until EBSCO Information Services filed its motion for summary judgment. Thus, the court will decline to stay its consideration of the motion for summary judgment through Rule 56(d). *See Barfield v. Brierton*, 883 F.2d 923, 932 (11th Cir. 1989) ("If the district court is dissatisfied with the nonmovant's explanations as to why he cannot rebut the movant's motion for summary judgment, it may refuse to stay consideration of the motion.").[2]

Accordingly, the court **WILL GRANT EBSCO** Information Services's motion and **WILL ENTER SUMMARY JUDGMENT** in its favor. (Doc. 66). And the court **WILL DENY** Plaintiffs' motion for Rule 56(d) relief. (Doc. 69).

### III. MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

After EBSCO Information Services filed its motion for summary judgment, Plaintiffs moved for leave to file a second amended complaint. (Docs. 68, 68-1).

---

[2] "[P]recedent prior to 2010 citing [r]ule 56(f) is fully applicable to current [r]ule 56(d)." *Burns v. Town of Palm Beach*, 999 F.3d 1317, 1330 n.3 (11th Cir. 2021).

This motion comes seven months after the parties' amended pleading deadline. (Docs. 21, 24). Therefore, Plaintiffs must show "good cause" for the amendment. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *So. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) ("A plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R. Civ. P. 16(b)."); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). ("[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused."). Rule 16(b)'s "good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418.

In support of their motion for leave to amend, Plaintiffs focus on the amendment standard of Rule 15(c)(1)(C), which permits amendment to "change[] the party . . . against whom a claim is asserted" if certain conditions are met. (Doc. 68 at 9 (citing Fed. R. Civ. P. 15(c)(1)(C)); *see also id*. at 8–18). But Plaintiffs do not mention "good cause" under Rule 16(b) or explain why, despite their due diligence, they failed to engage in discovery, request an extension of deadlines, or request leave to amend in the two months that followed this action's transfer to the undersigned.

Because Plaintiffs wholly fail to address Rule 16(b)'s good cause standard in their motion—and because the court does not find that such good cause exists given the circumstances of this case, *see So. Grouts & Mortars, Inc.*, 575 F.3d at 1242 (holding that the plaintiff lacked diligence under Rule 16(b) because it filed a motion to amend with information it had known for over a month)—the court **WILL DENY** the motion for leave to amend. (Doc. 68).

## IV.   CONCLUSION

The court **WILL GRANT** EBSCO Information Services's motion for summary judgment and **WILL ENTER SUMMARY JUDGMENT** in its favor. (Doc. 66). The court **WILL DENY** Plaintiffs' motion for Rule 56(d) relief. (Doc. 69). And the court **WILL DENY** Plaintiffs' motion for leave to file a second amended complaint. (Doc. 68). A separate final judgment will be entered consistent with this opinion.

**DONE** and **ORDERED** this July 8, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE